352 F.3d 519
 In Re: Norma A. THOMPSON, Debtor.
Chase Manhattan Mortgage Corporation, successor Chemical Residential Mortgage Co., Appellant,
v.
Norma A. Thompson, Debtor-Appellee,
Molly T. Whiton, Trustee-Appellee,
Office of U.S. Trustee, Appellee.
 Docket No. 02-5034.
 United States Court of Appeals, Second Circuit.
 Argued: October 1, 2003.
 Decided: October 9, 2003.
 Motion to Publish as Opinion: November 21, 2003.
 Published: December 9, 2003.
 
 GARY C. TEPPER, Arent Fox Kintner Plotkin & Kahn, PLLC (David N. Wynn, on the brief), Washington, D.C., for Appellant.
 ANDREW S. CANNELLA, Hartford, CT, for Trustee-Appellee.
 Cohen & Steinberg, Hartford, CT, for Debtor-Appellee.
 Patricia Beary, New Haven, CT, for United States Trustee-Appellee.
 Before: MINER, CALABRESI, and STRAUB, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Chase Manhattan Mortgage Corp. loaned Debtor Norma A. Thompson $143,036 in 1996. The mortgage agreement provided that the loan was secured by the title to her three-unit property in Hartford, Connecticut, and, under an "assignment of rents" provision, an interest in the rental income generated by the property. Thompson filed for Chapter 13 bankruptcy on May 2, 2000. At that time, her debt to Chase was approximately $138,900.88. On June 8, 2000, Thompson filed a motion with the bankruptcy court to bifurcate Chase's claim pursuant to 11 U.S.C. § 506(a). Specifically, she asked the court to "strip down" Chase's secured claim to the value of the collateral and to declare the balance unsecured. Although Chase and Thompson stipulated that the fair market value of the property was $75,000, Chase argued that the stripped down secured claim should be of an amount greater than the value of the property to reflect the fact that Chase had previously held a secured interest in the property's future rental income. In an order dated November 16, 2000, the bankruptcy court (Krechevsky, B.J.) held that Chase's claim was secured only to the extent of $75,000. The court rejected Chase's claim regarding rental income on the ground that the value of this rental income "is properly taken into account in determining the fair market value of the property." On January 23, 2001, the bankruptcy court confirmed Thompson's second amended Chapter 13 plan. The plan provided, among other things, that Thompson would retain the property and be obligated to pay Chase's $75,000 claim. Chase's unsecured claim was discharged. Chase appealed this order to the district court, which affirmed.
 
 
 2
 Chase then appealed to us. In view of Chase's stipulation that the fair market value was $75,000, we affirm substantially for the reasons stated by the two courts below.[1]
 
 
 3
 We have considered all of Chase's arguments and find them to be without merit. The district court's judgment is therefore AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 On appeal, the Trustee-Appellee questions for the first time whether Chase's notice of appeal was timely, and, hence, whether we have jurisdiction. The parties agree that the jurisdictional question is statutory rather than constitutional. Under the circumstances, and in view of the result we reach on the merits, we may assume we have jurisdiction and leave that question to another daySee Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 816 n. 11 (2d Cir.2000).